# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Richard Storms | ) |
| | ) |
| Plaintiff | )  Case No.  9:18cv80334 |
| | ) |
| vs. | ) |
| | ) |
| Haugland Energy Group LLC | ) |
| | ) |
| Defendant | ) |
| | ) |

## COMPLAINT

NOW COMES Richard Storms ("Plaintiff") who by and through the undersigned counsel files this Complaint against Haugland Energy Group LLC ("Defendant") and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action by the Plaintiff pursuant to the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 2001 et. seq.) (hereinafter "FLSA") for retaliatory discharge. The FLSA makes it unlawful for an employer to retaliate against an employee who has "filed any complaint . . . under or related to this chapter." 29 U.S.C. § 215(a)(3).

## JURISDICTION AND VENUE

2. This is an action for a retaliatory discharge under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

3. This Court has subject matter jurisdiction of Plaintiff's Federal law claims pursuant to 28 U.S.C. § 1331.

4. Plaintiff resides in this judicial district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

6. Defendant is a limited liability company organized and existing under the laws of Delaware and all times material, maintains its principal place of business in this district and conducts business in this district.

## PARTIES

7. Plaintiff, Richard Storms, is a permanent resident of Boynton Beach, FL.

8. Defendant, Haugland Energy Group LLC is a limited liability company organized and existing under the laws of the State of Delaware whose principal address is 60 EDGEWATER DRIVE, Miami, FL 33133 and it regularly carries on business in the Southern District of Florida.

## FACTUAL ALLEGATIONS

9. At all times material hereto, Defendant Haugland Energy Group LLC was an employer within the meaning of Section 3(d) of the FLSA.

10. At all times material to this action, Defendant Haugland Energy Group LLC was an enterprise engaged in commerce or in production of goods for commerce as defined in Section 3(r) of the FLSA (29 U.S.C. 203(r) and 203 (s)).

11. At all times material hereto, the Defendant Haugland Energy Group LLC had an annual gross volume of sales made or business done of not less than $500,000.00, exclusive of excise taxes at the retail level.

12. At all times material hereto, the Defendant Haugland Energy Group LLC had at least two employees who were engaged in interstate commerce.

13. At all times material to this complaint, the Plaintiff engaged in commerce or the production of goods for commerce within the meaning of Section 3(b) and (j) respectively of the FLSA.

14. In October of 2017, Plaintiff saw an advertisement from the Defendant in Florida seeking skilled workers to restore power lines in St. Croix, Virgin Islands and inquired about employment.

15. On October 26, 2017, the Defendant hired the Defendant as a lineman and agreed to pay him a rate of $66.53 per hour for a rate titled Overtime VI and $88.70 per hour for a rate titled Doubletime VI.

16. Defendant transported Plaintiff to the St. Croix in the Virgin Islands to work on restoring power after damages sustained by hurricanes Irma and Maria.

17. In the week ending October 29, 2017, Plaintiff worked 12 hours at the rate titled Overtime VI ($66.53) and 24 hours at the rate titled Doubletime VI ($88.70) for a total gross earnings of $2,927.10 which the Defendant paid the Plaintiff.

18. In the week ending November 5, 2017, Plaintiff worked 60 hours at the rate titled Overtime VI ($66.53) and 28 hours at the rate titled Doubletime VI ($88.70) for a total gross earnings of $6,740.10 which the Defendant paid the Plaintiff.

19. In the week ending November 19, 2017, Plaintiff only worked 38 hours at the rate titled Overtime VI ($66.53) for a total gross earnings of $2,537.95.

20. The week ending November 19, 2017 pay period was cut short on the Plaintiff because he was fired by the Defendant on November 15, 2017.

21. On November 15, 2017, the Plaintiff was having dinner with fellow workers on the FEMA boat.

22. Plaintiff called over to the payroll secretary, Rachel Lazorow, and complained about the repeat failure to properly pay overtime to a fellow employee.

23. Ms. Lazorow said that the problem was taken care of and Plaintiff finished his dinner with his co-workers without incident.

24. At 8:45 pm on November 15, 2017, Homeland Security knocked on the Plaintiff's cabin door and told the Plaintiff that Rachel Lazorow reported to Homeland Security that the Plaintiff told her that if she messed up on checks again, the Plaintiff would shoot her.

25. Upon information and belief, Rachel Lazorow stated to Homeland Security that the Plaintiff said to her that *"if you mess up on checks again, I will shoot you."*

26. The acts of Rachel Lazorow were performed within the scope of her employment of the Defendant employer.

27. Homeland Security escorted the Plaintiff off the boat, placed in a room, was not permitted any visitors and was told that if he left the room he would be arrested.

28. Defendant fired the Plaintiff and sent him home to Florida.

## COUNT I
## FLSA Retaliatory Discharge

29. The allegations of Paragraphs 1 through 28 are hereby re-alleged as if fully set forth herein.

30. This action is made pursuant to violations under 29 U.S.C. § 215(a)(3).

31. Plaintiff's oral complaint to payroll secretary, Rachel Lazorow, about the repeated failure to properly pay overtime to a fellow employee constitutes an assertion of rights protected under the FLSA.

32. Defendant employer retaliated against the Plaintiff for reporting about the failure to pay overtime, by employer payroll representative, Rachel Lazorow, filing a false charge against the Plaintiff, and terminating him.

33. Defendant violated 29 U.S.C. § 215(a)(3) by discriminating against the Plaintiff by filing false charges against him by Ms. Lazorow representing to Homeland Security that the Plaintiff said to her that *"if you mess up on checks again, I will shoot you."*

34. Defendant violated 29 U.S.C. § 215(a)(3) by firing the Plaintiff for complaining about the overtime violations to the payroll secretary.

35. For violations of Section 15(a)(3) of the FLSA, an employer "shall be liable for such legal or equitable relief as may be appropriate ..., including without limitation employment, reinstatement, promotion and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. Sec. 216(b) (emphasis added).

36. As a result of the Defendant's retaliation against the Plaintiff, the Plaintiff has been damaged from the wages lost in an approximate amount of $120,000.00 and an additional equal amount as liquidated damages, together with attorney's fees and costs, all of which shall be established at trial.

37. By reason of Defendant's retaliation against the Plaintiff, it has been necessary for him to employ an attorney to prosecute this case.

WHEREFORE, Plaintiff, Richard Storms respectfully prays the Court award Plaintiff a judgment against the Defendant for such all legal and equitable relief that will effectuate the purpose of the FLSA including but not limited to:

    A. Wages Lost;
    B. Prejudgment interest;
    C. Liquidated damages;
    D. Unreimbursed expenses;
    E. Reasonable attorney's fees pursuant to the FLSA; and
    F. Any further relief this court deems just and proper.

## COUNT II
## DEFAMATION

38. The allegations of Paragraphs 1 through 28 are hereby re-alleged as if fully set forth herein.

39. Upon information and belief, on November 15, 2017, Rachel Lazorow made a false and defamatory statement regarding the Plaintiff when she stated to Homeland Security that the Plaintiff said to her that *"if you mess up on checks again, I will shoot you."*

40. At the time Ms. Lazorow made the statement to Homeland Security, she was acting in the scope of her employment with the Defendant employer.

41. The false information disseminated by the Defendant was an unprivileged publication.

42. The Defendant's primary purpose in disseminating the false information was to indulge ill will, hostility and an intent to harm the Plaintiff.

43. The Defendant's disseminated the false information to provide a justifiable basis to terminate the Plaintiff as a retaliatory act for the Plaintiff's complaint regarding the defendant company not properly paying an employee overtime benefits.

44. The Defendant knew the information it disseminated about the Plaintiff was false when Ms. Lazorow disseminated the information.

45. As a result of the Defendant's dissemination of false information concerning the Plaintiff, the Plaintiff has suffered loss of his reputation.

46. As a result of the Defendant's dissemination of false information concerning the Plaintiff, the Plaintiff has suffered damages.

47. The Plaintiff's damages include but are not limited to:

    a. Injury to the Plaintiff's reputation;

    b. shame, humiliation, hurt feelings and mental anguish experienced as a result of the Defendant's dissemination of false information which resulted in the Plaintiff being forced to return to Florida in front of his co-workers; and

    c. loss of income

WHEREFORE Plaintiff seeks damages in an amount to be determined at trial, costs, legal fees and expenses, and upon a proper showing and leave of court, punitive damages, and such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 15th day of March, 2018.      Respectfully submitted,

/s/ *Neil Bryan Tygar*
Neil Bryan Tygar, Esq.
Neil Bryan Tygar, P.A.
Attorney for Plaintiff
Richard Storms
Bar No. 0911100
5341 W. Atlantic Ave, #303
Delray Beach, FL 33484
Telephone:   (561) 455-0280
Facsimile:   (561) 455-0281
Email:       ntygar@me.com

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing complaint, and all the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed on this __13th__ day of March, 2018.

_Richard W St_
Richard Storms