## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Richard Storms,

      Plaintiff,                            Case No.:9-18-cv-80334-BB

v.

Haugland Energy Group LLC,

      Defendant.

_____/

### DEFENDANT, HAUGLAND ENERGY GROUP, LLC'S MOTION TO
### DISMISS COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Defendant, Haugland Energy Group, LLC (**"Haugland"**) moves, pursuant to Fed. R. Civ. P. 12(b)(2), (b)(3), and (b)(6), to dismiss the *Complaint* filed on March 15, 2018 (DE #1) (the **"Complaint"**), by Plaintiff, Richard Storms (**"Storms"**), and states as follows:

### PRELIMINARY STATEMENT

The Complaint should be dismissed because (i) as a threshold matter, Haugland is not subject to personal jurisdiction in this District; (ii) venue is improper in this District; and (iii) the Complaint fails to state a claim upon which relief may be granted for either retaliatory discharge or defamation.

The dispute underlying this action relates to a purported claim under the Fair Labor Standards Act of 1938, as amended (**"FLSA"**) for retaliatory discharge filed by Storms against Haugland, a Delaware limited liability company, regarding the alleged firing of Storms by Haugland in St. Croix, Virgin Islands, for events that all allegedly occurred in St. Croix. Despite the fact that Haugland is a Delaware LLC, that has not conduced any business in the State of Florida, and who has no ties to the State of Florida other than the mere presence of a registered agent, Storms – presumably for convenience purposes since he resides in Palm Beach County, Florida – filed his Complaint against Haugland here in the Southern District of Florida.

What is more, at the time of the alleged occurrences giving rise to the purported claims set forth in the Complaint – November 15, 2017 – Haugland did not even have a registered agent in the State of Florida.  To the contrary, Haugland did not apply for authority to transact business in Florida, nor appoint a registered agent in Florida, until some three months later, in February 2018.  And it cannot be overlooked that, even after designating a registered agent in Florida (for purposes wholly unrelated to anything at issue in the Complaint), Haugland has not conducted any business in the State of Florida and has no contacts or ties to this forum.

Finally, even assuming *arguendo*, that the Court has jurisdiction over Haugland and/or venue is proper in this District (neither of which are true), the Complaint utterly fails to adequately plead any plausible causes of action against Haugland.  To wit, (a) intra-company complaints, such as those alleged in the Complaint, do not constitute protected activity under the FLSA and Count I does not hold water, and (b) any statements made by Haugland (through an employee, as alleged in the Complaint) to the Department of Homeland Security are necessarily privileged and protected communications, which are not "publications," and therefore not actionable as defamatory or otherwise.  Accordingly, Count II of the Complaint must also be dismissed.

For the reasons set forth below, because this Court lacks jurisdiction over Haugland, the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).  Moreover, venue is not proper here, rendering the Complaint subject to mandatory dismissal under Fed. R. Civ. P. 12(b)(3).  Finally, Storms' total failure to provide any factual content to support his central, yet conclusory, allegations means that both claims against Haugland should be dismissed for failure to state a claim upon which relief may be granted in accordance with Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD ON A MOTION TO DISMISS

To resist a motion to dismiss, Fed. R. Civ. P.  8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  As the Supreme Court held in *Twombly*, a complaint ***must*** be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46, (1957)).

Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555 (citations omitted).  Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678 (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth).

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth … When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  "But where the well-pleaded facts do not permit the court to infer

MM | MARTINEZ MORALES
*2600 S. Douglas Road, Suite 305, Coral Gables, FL 33134, T: 305-501-5011, F: 786-272-7997*

more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). See also *Iqbal* at 1949 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'") (citing *Twombly*, 550 U.S. at 557).

## ARGUMENT

## I.  HAUGLAND IS NOT SUBJECT TO PERSONAL JURISDICTION IN FLORIDA

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because Haugland is not subject to personal jurisdiction in this State.  Stated simply, Haugland is incorporated in Delaware, and maintains its principal place of business in New York.  It conducts no business in Florida; it does not maintain an office here, nor does it earn income from sales or business initiated or completed in Florida.  In addition, the allegations set forth in the Complaint concern alleged incidents that occurred wholly within St. Croix, Virgin Islands. See Affidavit of Haugland Energy Group, LLC attached hereto as **Exhibit "A."**  The Complaint – notably devoid of any contrary allegations – confirms these facts. On these allegations alone, Storms cannot establish this Court's personal jurisdiction over Haugland. This ends the inquiry and the Complaint should therefore be dismissed.

When sitting in diversity jurisdiction, a federal court may only exercise personal jurisdiction over a defendant "to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).  The plaintiff bears the initial burden of establishing the court's jurisdiction over the defendant. *Diamond Crystal Brands, Inc. v. Food Movers Int'l*, 593 F.3d 1249, 1257 (11th Cir. 2010).  Moreover, defendant corporations in a diversity suit incorporated outside the forum state are considered non-residents of the forum state. *Shore v. Acands, Inc.*, 644 F.2d 386, 387-88 (5th Cir.

1981).[1]

To establish personal jurisdiction over a non-resident defendant, two requirements must be met: (1) the defendant's "activities and contacts" with the forum state must satisfy the requirements of that state's long-arm statute; and (2) the defendant must have engaged in sufficient "minimum contacts" with the forum state "so as to satisfy traditional notions of fair play and substantial justice under the *Due Process Clause of the Fourteenth Amendment*." *Id*. (emphasis in original) (internal citations and quotation marks omitted).  Here, as explained in detail below, the mere existence of a registered agent, or service of process thereon, falls short of establishing the minimum contacts required by the United States Constitution and incorporated into Fla. Stat. §48.193.

As a result, even taking the allegations in the Complaint as true, Haugland is not amenable to suit in this forum because Storms can point to no other contacts between Haugland and this State. Under the constitutional analysis, personal jurisdiction may be either "general" or "specific."  When subject to general personal jurisdiction, a defendant must defend all lawsuits brought in the forum state, even those unrelated to the defendant's contacts with that state. For general personal jurisdiction to obtain over a nonresident defendant, however, the defendant's contacts with the forum state must be "continuous and systematic." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). When the defendant is a nonresident corporation, the Constitution requires a showing of "continuous and systematic general business contacts in order to invoke general personal jurisdiction for litigation unrelated to those contacts." *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1274 (11th Cir. 2002); *see also Jackson v. Tanfoglio Guiseppe S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010) (observing that "[t]he continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum" such that "[t]o confer general jurisdiction, a defendant must have a

---

[1]  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that decisions by the former United States Court of Appeals for the Fifth Circuit issued before October 1, 1981 are binding as precedent in the Eleventh Circuit).

MM | MARTINEZ MORALES
Attorneys at Law

*2600 S. Douglas Road, Suite 305, Coral Gables, FL 33134, T: 305-501-5011, F: 786-272-7997*

business presence in the forum state").

Where, as here, the non-resident corporate defendant lacks any ties to the forum state beyond the mere presence of a registered corporate agent within the state, the court lacks general personal jurisdiction.  The United States Court of Appeals for the Eleventh Circuit has squarely addressed this question and has "rejected the argument that appointing a registered agent is sufficient to establish general personal jurisdiction over a corporation." *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) ("The casual presence of a corporate agent in the forum is not enough to subject the corporation to suit where the cause of action is unrelated to the agent's activities"); *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992); *Ratliff v. Cooper Laboratories, Inc.*, 444 F.2d 745, 748 (4th Cir. 1971); and *Sofrar, S.A. v. Graham Engineering Corp.*, 35 F. Supp. 2d 919, 921 (S.D. Fla. 1999) (finding no general jurisdiction under Florida's long-arm statute, even though defendants appointed an agent for service of process and were registered to do business in the state).

Indeed, the Fifth Circuit in *Bankhead Enterprises, Inc. v. Norfolk & Western Railway Co.*, 642 F.2d 802, 805 (5th Cir. 1981) (a binding opinion in this Court) went so far as to endorse the view that service of process upon a registered agent, without more, **never** suffices to vest the forum with jurisdiction over a non-resident corporation:

> We are clearly of the opinion that our statute makes it necessary that the foreign corporation be "doing business" in this State, before a valid personal judgment can be rendered against it in an action commenced by the service of process upon its agent located or resident within the State.

642 F.2d at 805.  Without any contacts beyond its registered agent, Haugland is not subject to general personal jurisdiction in Florida.

Nor is Haugland subject to specific personal jurisdiction in Florida for the purpose of the instant suit.  To exercise specific jurisdiction over a non-resident defendant, the court must determine that the non-resident defendant "purposefully directed" its activities at residents of the forum state, and that the

MM | MARTINEZ MORALES
Attorneys at Law

*2600 S. Douglas Road, Suite 305, Coral Gables, FL 33134, T: 305-501-5011, F: 786-272-7997*

litigation results from alleged injuries that "arise out of or relate to those activities." *Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). This inquiry principally asks whether the defendant "purposefully avai[led] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *J. McIntyre Mach, Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) (citations omitted). If the court concludes that the defendant purposefully directed its activities toward the forum state, it will only exercise jurisdiction if maintenance of the suit in the forum state would "not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

As with the analysis for general personal jurisdiction, the mere presence of a registered corporate agent normally provides insufficient justification to vest the court with specific personal jurisdiction. As noted above, under applicable Eleventh Circuit law, "the casual presence of a corporate agent in the forum is not enough to subject the corporation to suit where the cause of action is unrelated to the agent's activities." *Sherritt, Inc.*, 216 F.3d at 1293 (citing *International Shoe*, 326 U.S. at 317 (1945)).

Here, Haugland's only contact with Florida arises from its registered agent; Storms does not (and cannot) allege that either of his causes of action – FLSA retaliatory discharge and defamation – stem from, or otherwise implicate this contact. Indeed, the alleged events giving rise to the allegations in the Complaint do not relate to this State, as the work, and all other allegations relating to the work set forth in the Complaint, was performed and/or occurred in St. Croix, Virgin Islands. As a result, Haugland cannot be said to have purposefully availed itself of the laws and privileges of the State of Florida and, therefore, is not subject to suit in this State.

Measured against the two prerequisites for jurisdiction identified in *Diamond Crystal Brands*, *supra*, the Complaint does not support the exercise of specific personal jurisdiction over Haugland. While Storms may have served Haugland's registered agent in Florida in accordance with Fl. Stat.

7

§48.062, the mere presence of a registered agent – Haugland's **only** contact with this State – provides insufficient minimum contacts to satisfy the due process required by the U.S. Constitution for personal jurisdiction to vest over a non-resident defendant.  Finally, as alluded to above, the alleged events giving rise to the Complaint occurred in November 2017.  At the time of the alleged events set forth in the Complaint, Haugland did not even have a registered agent in Florida, as the Haugland registered agent was designated and appointed some three months later – in February 2018.  See Haugland Affidavit at ¶¶ 5, 11.  For these reasons, the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

## II.   VENUE IS NOT PROPER IN THIS DISTRICT

Under 28 U.S.C. § 1391(b), a civil action based on federal question jurisdiction, such as this action, may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated; or, (3) any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.." *Id.*  At bottom, this statute does not provide a basis for venue in this District.

### 1.   Haugland Does Not Reside in the Southern District of Florida

28 U.S.C. § 1391(c)(2) addresses the residency of an entity for venue purposes.  That statute states "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is ***subject to the court's personal jurisdiction with respect to the civil action in question.***" (emphasis added).  Thus, an LLC such as Haugland can only reside in a district in which it is subject to personal jurisdiction.  As set forth above, and in the Haugland Affidavit, Haugland is a Delaware limited liability company, with its principal place of business in New York.  Accordingly, Haugland resides in those two States – not Florida.  For the reasons stated above, Haugland is unequivocally not subject to

personal judication in Florida and cannot therefore be deemed to reside in Florida.  Accordingly, venue in not proper in this District.

### 2.       No Substantial Part of the Events or Omissions Giving Rise to the Claim Occurred in this District

In a conclusory and self-serving fashion, Storms alleges that "[v]enue is proper in this district pursuant to Under 28 U.S.C. § 1391(b)." Complaint at ¶ 5.  It is unclear from the face of the Complaint whether Storms is traveling under the theory of venue pursuant to subsections (b)(1), (2), or (3) of Section 1391.  In any event, ether theory is entirely misplaced and erroneous.  For instance, subsections (1) and (3) have already been debunked herein, as Haugland does not reside in this District and is not subject to personal jurisdiction in this District.  That leaves subsection (b)(2): venue where "a substantial part of the events or omissions giving rise to the claim occurred…"

Here, is it simply without question that all of the events giving rise to Storms' purported claims occurred in St. Croix, Virgin Islands.  And to the extent Storms may argue that there could be some future harm in the Southern District, he has not pled even a modicum of sufficient supporting facts.  Rather, as noted above, Storms' sole venue allegation merely states that "[v]enue is proper in this district pursuant to Under 28 U.S.C. § 1391(b)." Complaint at ¶ 5.  Such a conclusory allegation is insufficient to sustain a challenge to venue. *Corley v. Osprey Ship Mgmt., Inc.*, 2007 WL 201263 at *2 (S.D. Fla. Jan. 24, 2007) ("Plaintiff only makes conclusory statements that a substantial part of the events or omissions giving rise to the claim occurred in the District. . . . [E]ven applying this provision [§1391], Plaintiff fails to allege any facts which would support his contention that venue is proper"); *Biener Nissan, Inc. v. Nissan N. Am., Inc.*, 2004 U.S. Dist. LEXIS 2756, 2-3 (S.D.N.Y. Feb. 24, 2004) ("Plaintiffs' Complaint alleges only in a conclusory fashion that venue was proper in this district…Indeed, as defendant correctly points out, 'the Complaint does not describe a single event that actually occurred in the Southern District of New York.'") (citation and note omitted).

MM  MARTINEZ MORALES
Attorneys at Law

2600 S. Douglas Road, Suite 305, Coral Gables, FL 33134, T: 305-501-5011, F: 786-272-7997

Here, there is nothing to suggest that a substantial part of events giving rise to this litigation took place in this District. In fact, the allegations of the Complaint clearly state that the events giving rise to Storms' alleged claims occurred in St. Croix, Virgin Islands. And events that are only tangentially related "do not meet the substantiality component of section 1391(e)(2)." *Rogers v. Civil Air Patrol*, 129 F. Supp. 2d 1334, 1339 (M.D. Ala. 2001).

It is Storms' burden to institute an action in the proper District, because "to hold otherwise would circumvent the purpose of the venue statutes – it would give plaintiffs an improper incentive to attempt to initiate actions in a forum favorable to them but improper as to venue." *Delta Air Lines, Inc. v. Western Conference of Teamsters Pension Trust Fund*, 722 F. Supp. 725, 727 (N.D. Ga. 1989). In this case, Storms has chosen an improper venue. Pursuant to Fed. R. Civ. P. 12(b)(3), this Court should therefore dismiss the Complaint for improper venue.

**III.   THE COMPLAINT FAILS TO STATE A CLAIM FOR RETALIATORY DISCHARGE AND DEFAMATION, AND MUST THEREFORE BE DISMISSED UNDER RULE 12(B)(6)**

      **1.   Count I of the Complaint Fails to State a Claim for Retaliatory Discharge**

The anti-retaliation provision of the FLSA states in relevant part that it shall be unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. §215(a)(3). To establish a prima facie claim of retaliation under the FLSA, a plaintiff must show: "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of N.Y.*, 626 F.3d 47, 53 (2d Cir. 2010). Count I of the Complaint for retaliatory discharge under the FLSA is subject to dismissal because it fails to allege that Storms made sufficiently specific complaints to satisfy the first prong of this test.

MM | MARTINEZ MORALES
*Attorneys at Law*

*2600 S. Douglas Road, Suite 305, Coral Gables, FL 33134, T: 305-501-5011, F: 786-272-7997*

Here, Storms claims generally that he "called over to the payroll secretary…and complained about the repeat failure to properly pay overtime to a fellow employee." Complaint at ¶22.  Storms goes on to allege that his "oral complaint to payroll secretary, Rachel Lazarow, about the repeated failure to properly pay overtime to a fellow employee constitutes an assertion of rights protected under the FLSA." Complaint at ¶31.

Storms has not provided the crucial **_factual_** support necessary to cross the threshold of plausibility – that his "oral complaint" was sufficiently clear and detailed to put Haugland on notice that he believed that his "fellow employee" was being improperly paid or otherwise denied overtime pay in accordance with the FLSA.  *See Twombly*, 550 U.S. at 555.  Stated simply, none of the allegations in the Complaint describe complaints that were "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the [FLSA] and a call for their protection." *Akinfaderin v. W.P. Carey & Co., LLC*, 2011 WL 6961403, at *5 (S.D.N.Y. Dec. 28, 2011) *citing Kasten v. Saint-Gobain Performance Plastics Corp*. 563 U.S. 1 (2011).

As the Supreme Court recently made clear, to satisfy the first prong of the test for a prima facie claim of retaliation, "a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten*, 563 U.S. at 14.  Even taking the conclusory allegations of the Complaint as true, Haugland's "oral complaint" to the payroll secretary does not rise to the level of specificity required to state a retaliation claim under the FLSA, as there is no indication that he was actually complaining of FLSA violations such that his alleged "complaint" constituted "an assertion of rights protected by the statute" and a "call for their protection." *Id*. ("it is difficult to see how an employer who does not (or should not) know an employee has made a complaint could discriminate *because* of that complaint ").

MM | MARTINEZ MORALES

*2600 S. Douglas Road, Suite 305, Coral Gables, FL 33134, T: 305-501-5011, F: 786-272-7997*

Perhaps more importantly, Storms' retaliation claim under the FLSA also fails because it does not allege that he complained to a governmental entity. In *Lambert v. Genesee Hosp.*, 10 F.3d 46, 55 (2d Cir. 1993), the Second Circuit held that the FLSA's anti-retaliation provision **only proscribes retaliation that occurs after an employee has complained of a potential violation to a government authority**. *Id.* "The plain language of this provision limits the cause of action to retaliation for filing formal complaints, instituting a proceeding, or testifying, **but does not encompass complaints made to a supervisor**." *Lambert*, 10 F.3d at 51 (emphasis added); *see also EEOC v. Romeo Community Sch.*, 976 F.2d 985, 990 (6th Cir. 1992) (noting that Sec. 215(a)(3) on its face prohibits retaliation based on "three expressly enumerated types of conduct," in contrast to the much broader retaliation protection afforded by Title VII, for example).

Because the statute's language is plain and unambiguous, the Complaint's allegations with respect to Storms' intracompany "oral complaint" about the failure to pay a fellow employee is nothing more than an informal workplace complaint that does not fall within the ambit of, and is otherwise not encompassed with, the anti-retaliation provisions of the FLSA. *See Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 842, (1984) ("If the intent of Congress is clear, that is the end of the matter"). Accordingly, Storms' pay-related retaliation claim fails as a matter of law and Count I must be dismissed.

### 2.       The Defamation Claim is Futile and Must be Dismissed

To recover in a defamation action, a plaintiff must show that "the defendant published false and defamatory statements concerning him, without reasonable care as to whether those statements were true or false, which resulted in actual damage to the plaintiff." *American Airlines, Inc. v. Geddes*, 960 So.2d 830, 833 (Fla. 3d DCA 2007); *citing Miami Herald Publ'g Co. v. Ane*, 423 So.2d 376, 388 (Fla. 3d DCA 1982). Words are defamatory when they "tend to subject one to hatred, distrust, ridicule, contempt or disgrace or tend to injure one in one's business or profession." *Seropian v. Forman*, 652

MM | MARTINEZ MORALES
*Attorneys at Law*

*2600 S. Douglas Road, Suite 305, Coral Gables, FL 33134, T: 305-501-5011, F: 786-272-7997*

So.2d 490, 495 (Fla. 4th DCA 1995).

A defamatory statement does not become actionable, however, until it is published or communicated to a third person; statements made to the person alleging the defamation do not qualify. *See e.g., American Ideal Mgmt., Inc. v. Dale Village, Inc.,* 567 So.2d 497, 498 (Fla. 4th DCA 1990); *Granda-Centeno v. Lara,* 489 So.2d 142, 143 (Fla. 3d DCA 1986). When the entity alleged to have committed the defamation is a corporation, statements made to corporate executive or managerial employees of that entity are, in effect, being made to the corporation itself, and thus lack the essential element of publication. *See, e.g., Lopez v. Ingram Micro, Inc.,* 1997 WL 401585, (S.D. Fla. Mar 18, 1997); *Advantage Personnel Agency v. Hicks & Grayson, Inc.*, 447 So.2d 330 (Fla. 3d DCA 1984).

"Moreover, one who publishes defamatory matter concerning another is not liable for the publication if the matter is published upon an occasion that makes it conditionally privileged." *Geddes*, 960 So.2d at 833. The law of Florida embraces a broad range of the privileged occasions that have come to be recognized under the common law. *Nodar v. Galbreath*, 462 So. 2d 803 (Fla. 1984); *Boehm v. American Bankers Ins. Group, Inc.*, 557 So. 2d 91 (Fla. 3d DCA 1990).

In the *Nodar* case, the Florida Supreme Court recognized that among the privileged occasions in which statements made are not actionable as defamatory is when such a statement is made under the context of reporting a crime or warning to a law enforcement officer ("a communication to a law enforcement officer is generally held to be qualifiedly privileged"). *Id*. at 68. In reaching its conclusion, the *Nodar* Court analyzed and interpreted the privilege afforded to judicial proceedings and statements made by parties, witnesses, counsel, and judges necessarily preliminary to the institution of a judicial proceeding.

The *Nodar* Court correctly reasoned that the fundamental public policy underlying the judicial proceedings privilege as it applies to preliminary investigations is the need to encourage free and

unhindered communication to assist the authorities in detecting and prosecuting perpetrators of criminal activity.  These principles were further confirmed by the Florida Supreme Court a few years later in the case of *Fridovich v. Fridovich*, 598 So.2d 65 (Fla. 1992).  In holding that a qualified privilege applies to statements made to law enforcement officers, the *Fridovich* Court noted that "this is the traditional reason for applying a …privilege," as set forth in the *Restatement*:

> These "absolute privileges" are based chiefly upon a recognition of the necessity that certain persons, because of their special position or status, should be as free as possible from fear that their actions in that position might have an adverse effect upon their own personal interests. ***To accomplish this, it is necessary for them to be protected not only from civil liability, but also from the danger of even an unsuccessful civil action***. To this end, it is necessary that the propriety of their conduct not be inquired into indirectly by either court or jury in civil proceedings brought against them for misconduct in their position. Therefor the privilege, or immunity, is absolute and the protection that it affords is complete. It is not conditioned upon the honest and reasonable belief that the defamatory matter is true or upon the absence of ill will on the part of the actor.

*Id*. at 68; *Restatement (Second) of Torts* § 584, at 243 (emphasis in original).  "[W]e agree with the observation by the court below that a qualified privilege protect[s] [those] wishing to report events concerning crime and balances society's interest in detecting and prosecuting crime with a defendant's interest not to be falsely accused." *Fridovich*, 598 So.2d at 69.

"Moreover, we believe that a plaintiff's burden of proof for establishing a case under a qualified privilege would likely deter most frivolous suits.  In overcoming a qualified privilege, **<u>a plaintiff would have to establish by a preponderance of the evidence that the defamatory statements were false and uttered with common law express malice</u>** – i.e., that the defendant's primary motive in making the statements was the intent to injure the reputation of the plaintiff." *Fridovich*, 598 So.2d at 69; *Galbreath*, 462 So.2d at 806.

Here, the allegations of the Complaint concerning Storms' doomed defamation claim fall squarely within the ambit of the body of law set forth above.  For instance, the Complaint alleges that: "[u]pon information and belief, Rachel Lazarow stated to Homeland Security that [Storms] said to her

14

'if you mess up on checks again, I will shoot you.'" Complaint at ¶25; and "[u]pon information and belief, on November 15, 2017, Rachel Lazarow made a false and defamatory statement regarding [Storms] when she stated to Homeland Security that [Storms] said to her that 'if you mess up on checks again, I will shoot you.'" Complaint at ¶39. These are precisely the types of statements that were addressed in the *Nodar* and *Frodovich* cases, in which the Florida Supreme Court unequivocally held that a privilege applies to statements and/or reports made to law enforcement officers [such as the Department of Homeland Security here] of events concerning a crime, and which are not actionable as defamatory.

Furthermore, the conclusory allegations set forth in the Complaint fall far short of sufficient to satisfy the rigorous standard mandated by *Fridovich* – **to establish by a preponderance of the evidence that the defamatory statements were false and uttered with common law express malice**. To the contrary, the Complaint merely alleges that the alleged defamatory statements made by Haugland (through its employee) to Homeland Security were done so "upon information and belief." Complaint at ¶¶25, 39. Thus, the alleged statements made by Haugland are presumptively qualifiedly privileged and simply not actionable as defamatory. Accordingly, Count II of the Complaint must be dismissed.

## CONCLUSION

Haugland is not subject to personal jurisdiction in the Southern District of Florida. Additionally, venue is improper in this District. Finally, the Complaint grossly fails to state a claim upon which relief may be granted under the FLSA and for defamation. For the reasons set forth herein, the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2), and (b)(3), and (b)(6).

**WHEREFORE**, Defendants respectfully request that the Court enter an Order (i) dismissing the Complaint, with prejudice; (ii) entering an award of attorney's fees and costs; and (iii) for such other relief as the Court deems just and proper.

15

Dated: May 31, 2018

Respectfully submitted,

MARTINEZ MORALES
2600 S. Douglas Road, Suite 305
Coral Gables, FL 33134
T: 305-501-5011
F: 786-272-7997
rmorales@mmlawfl.com
ahonaker@mmlawfl.com


By:  /s/Aaron P. Honaker
     **RAUL MORALES**
     **FBN: 0653071**
     **AARON P. HONAKER**
     **FBN: 48749**

<u>**CERTIFICATE OF SERVICE**</u>

**WE HEREBY CERTIFY** that on this 31st day of May, 2018, a true and correct copy of the foregoing has been furnished via electronic mail upon:

> **NEIL BRYAN TYGAR, P.A.**
> Neil Bryan Tygar, Esq.
> 5341 West Atlantic Avenue
> #303
> Delray Beach, Florida 33484
> ntygar@me.com

By: _/s/Aaron P. Honaker_____
        **RAUL MORALES**
        **AARON P. HONAKER**

MM | MARTINEZ MORALES
Attorneys at Law

*2600 S. Douglas Road, Suite 305, Coral Gables, FL 33134, T: 305-501-5011, F: 786-272-7997*