UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

18-CV-80334-BLOOM/REINHART

RICHARD STORMS,

        Plaintiff,

v.

HAUGLAND ENERGY GROUP, LLC,

        Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS COMPLAINT [DE 7]

This matter is before the Court on a referral from the presiding District Judge. DE 18. Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss the Complaint for lack of personal jurisdiction. Alternatively, Defendant moves to dismiss for improper venue and for failure to state a claim on which relief can be granted. For the reasons stated below, the undersigned **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss without prejudice to filing an Amended Complaint.

## FACTS

The following constitute the material facts alleged in the Complaint.[1] All paragraph citations (noted as "¶" or "¶¶") are references to the numbered paragraphs in the Complaint.

---

[1] For purposes of this Motion, the Court accepts all well-pled factual allegations in the Complaint as true and evaluates all plausible inferences derived from those facts in favor of the Plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in

Plaintiff resides in Boynton Beach, Florida. ¶7. In October 2017, Plaintiff saw an advertisement from the Defendant in Florida seeking skilled workers to restore power lines in the Virgin Islands. ¶14. Plaintiff inquired about a position and was hired on October 26, 2017. ¶15. That same week, Defendant transported Plaintiff to the Virgin Islands to begin working. ¶¶16-17. Plaintiff worked in the Virgin Islands from on or about October 26, 2017, through November 15, 2017. ¶¶17-20. On November 15, 2017, Plaintiff made a statement to Defendant's payroll secretary complaining that Defendant had not properly paid overtime to a fellow employee. ¶22 Later that night, Homeland Security came to Plaintiff's room and stated that the payroll secretary reported that Plaintiff threatened to shoot her if she messed up the paychecks again. ¶24 Homeland Security escorted Plaintiff to a secured area. ¶27 Defendant fired Plaintiff and sent him home to Florida. ¶28

## LEGAL CLAIMS

The Complaint alleges in Count I that Defendant improperly retaliated against Plaintiff for reporting a violation of the Fair Labor Standards Act ("FLSA"). It alleges in Count II that Defendant, acting through the payroll secretary, defamed Plaintiff. Defendant asserts that this Court lacks personal jurisdiction, that venue in this Court is improper, and that the Complaint fails to state proper claims for Retaliatory Discharge and Defamation.

## DISCUSSION

The Court will first address the jurisdictional question because if jurisdiction is lacking, the Court lacks authority to rule on the other claims. *Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1134 (S.D. Fla. 2007) (J. Altonaga) ("The Eleventh Circuit has held that in deciding Rule 12(b) motions to dismiss, district courts should, as an initial matter, address any personal

---

the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true.").

jurisdiction arguments raised by defendant.") *citing Madara v. Hall*, 916 F.2d 1510, 1514, n.1 (11th Cir. 1990) ("As a general rule, when the court is confronted by a motion raising a combination of Rule 12(b) defenses, it will pass on the jurisdictional issues before considering whether a claim was stated by the complaint.") (citation omitted).

### 1. **Burden of Proof on a Rule 12(b)(2) Motion**

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). To comply with Rule 8(a)(1), a plaintiff bears the initial burden of "alleg[ing] sufficient facts to make out a *prima facie* case of jurisdiction" over the defendant. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999). "A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Madara*, 916 F.2d at 1514 (citation omitted). Therefore, the motion should be denied if, considering the well-pled facts in the complaint and their reasonable inferences in the light most favorable to the non-moving party, a reasonable finder of fact could conclude that personal jurisdiction has been established. *See Miles v. Tennessee River Pulp & Paper Co.,* 862 F.2d 1525, 1528 (11th Cir. 1989) (standard for directed verdict); *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir. 1986) (plaintiff must allege "sufficient facts to support a reasonable inference that the defendant can be subjected to the jurisdiction of the court"); Fed. R. Civ. P. 50(a) (Judgment as a Matter of Law).

If the plaintiff sufficiently alleges a *prima facie* case of jurisdiction, the defendant must raise "through affidavits, documents or testimony, a meritorious challenge to personal jurisdiction." *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009) (quoting *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 627 (11th Cir. 1996)); *Mother Doe I,* 632 F.Supp.2d at 1135 ("If a plaintiff pleads sufficient material facts to support the exercise of

3

personal jurisdiction, the burden shifts to the defendant to challenge the plaintiff's allegations by affidavits or other competent evidence."). "If the defendant does so, 'the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents.'" *Internet Solutions* at 1295 (quoting *Sculptchair*, 94 F.3d at 627). The court must accept the facts alleged in the complaint as true to the extent they are uncontroverted by the defendant's affidavits. *Madara*, 916 F.2d at 1514. Where the plaintiff's evidence and defendant's evidence conflict, all reasonable inferences must be construed in favor of the plaintiff. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

### 2. *Iqbal* and *Twombly* apply to a Rule 12(b)(2) Motion

This Court first addresses what allegations in the Complaint it can properly consider in deciding whether the Plaintiff has met his initial pleading burden. The Court finds that the standards enunciated in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) apply to a Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2). That is, the facts in the complaint used to meet the threshold requirement of pleading a *prima facie* case must be more than mere statements providing "labels and conclusions" or "a formulaic recitation of the elements of [jurisdiction]." *Twombly*, 550 U.S. at 555. Allegations that are "no more than conclusions, are not entitled to the assumption of truth," *see Iqbal*, 556 U.S. at 679, so they do not count toward establishing a *prima facie* case.

The undersigned has not found any reported decisions in this District or in the Eleventh Circuit addressing whether *Iqbal* and *Twombly* apply to the requirement under Rule 8(a)(1) that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction." The Court recognizes that *Iqbal* and *Twombly* arose in the context of Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6); they addressed whether the respective complaints

satisfied the requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." Nevertheless, despite the different procedural background of those cases, the Court finds that the *Iqbal/Twombly* framework should be applied here.

A number of other courts have applied the *Iqbal/Twombly* standards to Rule 8(a)(1). Writing for the Tenth Circuit in *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063, 1070 (10th Cir. 2008), then-Judge Gorsuch, said:

> When, as here, personal jurisdiction is found wanting on the basis of the complaint and affidavits our review of the district court's dismissal is *de novo,* taking as true all well-pled (that is, plausible, non-conclusory, and non-speculative, *see Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167, L.Ed.2d. 929 (2007)) facts alleged in plaintiff's complaint.

514 F.3d at 1070; *see Haley Pain Co. v. E.I. DuPont de Nemours & Co.,* 775 F. Supp. 2d 790, 798-99 (D. Md. 2011) (*Iqbal* and *Twombly* apply to 12(b)(2) motion to dismiss for lack of personal jurisdiction); *Long v. Arfaania,* 2014 WL 2196490, at *2 (D. Kansas May 27, 2014) (in evaluating a Rule 12(b)(2) motion, "[a]llegations in the complaint are accepted as true if they are plausible, non-conclusory, and non-speculative, to the extent they are not controverted by submitted affidavits.") (citations omitted); *accord Wood v. Maguire Automotive, LLC,* 508 Fed. Appx. 65 (2d Cir. 2013) (complaint failed to properly allege subject matter jurisdiction because allegation of amount in controversy was "conclusory and not entitled to a presumption of truth.") (citing *Iqbal*); *Weir v. Cenlar FSB,* 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) ("jurisdictional [dollar] amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible."); *Lapaglia v. Transamerica Casualty Insurance Co.,* 155 F. Supp. 3d 153, 156 (D. Conn. 2016) (plaintiff

required to "allege facts sufficient to allow for a plausible inference that the amount in controversy meets the jurisdictional threshold.").

*Iqbal* and *Twombly* addressed two distinct, but related, concepts. One was the quantity of facts that needed to be pled to satisfy the threshold pleading standard under Rule 8(a)(2). The other was the kinds of allegations that counted toward meeting the required amount of facts. On the first issue, the Supreme Court held that Rule 8(a)(2) required the factual allegations in the complaint to contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). On the second issue, the Court found that "'naked assertion[s]' devoid of 'further factual enhancement,'" "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" were not "entitled to the assumption of truth" and therefore were not to be considered in deciding the sufficiency of the pleading. *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678-79.

The logic of *Iqbal* and *Twombly* readily applies to a Rule 12(b)(2) motion. For purposes of a *prima facie* showing under Rule 8(a)(1) and Rule 12(b)(2), the Eleventh Circuit has held that the required amount of facts that must be pled in the complaint are those facts sufficient to withstand a motion for directed verdict.[2] This Court finds no reason to reject the Supreme Court's standards for deciding whether allegations in a complaint count toward meeting a threshold factual pleading requirement. Put another way, if conclusory and speculative allegations are not entitled to the assumption of truth for Rules 8(a)(2) and 12(b)(6), there is no reason to treat them differently for Rules 8(a)(1) and 12(b)(2).

---

[2] Other Courts have applied a different threshold pleading standard. *See Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 (S.D. Ind. 1997) ("In many cases courts have properly limited or denied discovery on jurisdictional issues where the plaintiff failed to make some threshold showing—sometimes called a "*prima facie*" showing, other times called a "colorable" showing—of a plausible basis for exercising jurisdiction over the defendant.") (collecting cases).

### 3. **Specific and General Jurisdiction**

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). If the exercise of personal jurisdiction fails either inquiry, the forum may not compel the defendant to take part in the suit without the defendant's consent.

The Due Process Clause recognizes two different kinds of personal jurisdiction: general jurisdiction and specific jurisdiction. As the Supreme Court explained:

> [O]ur decisions have recognized two types of personal jurisdiction: "general" (sometimes called "all-purpose") jurisdiction and "specific" (sometimes called "case-linked") jurisdiction. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State. But "only a limited set of affiliations with a forum will render a defendant amenable to" general jurisdiction in that State.
>
> Specific jurisdiction is very different. In order for a state court to exercise specific jurisdiction, "the *suit*" must "aris[e] out of or relat[e] to the defendant's contacts with the *forum*." In other words, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." For this reason, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.* ___ U.S. ____, 137 S. Ct. 1773, 1779–80 (2017) (citations omitted).

Florida's long-arm statute, section 48.193, Florida Statutes, contains provisions that assert both general and specific jurisdiction. "The reach of the [Florida long-arm] statute is a question of Florida law. [F]ederal courts are required to construe [such law] as would the Florida

7

Supreme Court. Absent some indication that the Florida Supreme Court would hold otherwise, [federal courts] are bound to adhere to decisions of [Florida's] intermediate courts." *Mazer,* 556 F.3d at 1274. As relevant here, Florida's long-arm statute states:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
>   1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. Ann. § 48.193. For purposes of subsection 1(a), in order to establish that a defendant was carrying on a business or business venture in the state, either itself or through an agent, "[t]he activities of the [defendant] sought to be served . . . must be considered collectively and show a general course of business activity in the State for pecuniary benefit." *Dinsmore v. Martin Blumenthal Associates, Inc.,* 314 So.2d 561, 564 (Fla. 1975), *cited in Sculptchair,* 94 F.3d at 627. Subsection (2) asserts general jurisdiction. "The reach of this provision extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010) (citing *Woods v. Nova Cos. Belize,* 739 So.2d 617, 620 (Fla. Dist. Ct. App. 1999)).

To satisfy the Due Process Clause of the Fourteenth Amendment, the defendant must have minimum contacts with the forum state and exercise of jurisdiction over the defendant must not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Specific jurisdiction is constitutionally permissible when it can be said

that the defendant has "purposefully directed" his activities at residents of the forum, thus invoking the benefits and protections of its laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.' When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co.,* 137 S. Ct. at 1781 (citation omitted).

> In a case involving specific jurisdiction, the minimum-contacts test encompasses two distinct requirements: (1) "relatedness"—that "the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum"; and (2) "purposeful availment"—that "the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's law." The defendant's purposeful contacts with the forum must be such that he should reasonably anticipate being haled into court there.

*Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*, 722 F. App'x 870, 879 (11th Cir. 2018) (citation omitted).

There are a limited set of affiliations with a forum that will render a defendant corporation amenable to general jurisdiction, such as the forum being the defendant's place of incorporation or principal place of business. *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014) (a corporation's place of incorporation and its principal place of business are "paradigm all-purpose forums."). Otherwise, to create general jurisdiction, the corporation's affiliations with the state must be so "'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* at 139.

    **4.**  **Application of Principles to Plaintiff's Complaint**

The Complaint fails to plead sufficient facts to meet the threshold burden for establishing personal jurisdiction over Defendant either as a statutory or constitutional matter. The Complaint

9

does not specify whether it is seeking to invoke general jurisdiction or specific jurisdiction over Defendant. There is language in the Complaint suggesting both. Although not citing to the Florida long-arm statute, the Complaint alleges that Defendant's "principal address is 60 Edgewater Drive, Miami, Fl. 33133" (DE 1 at ¶8), and that Defendant "regularly carries on business in the Southern District of Florida." *Id.*[3] These allegations suggests that Plaintiff is invoking specific jurisdiction under section 48.193(1)(a)(1). The Complaint separately alleges that Defendant "maintains its principal place of business in this district," *id.* at ¶6, which could be construed to be trying to invoke general jurisdiction. Regardless, the Complaint fails to adequately plead the existence of either general or specific jurisdiction.

Although the Complaint summarily alleges that Defendant's principal place of business is in Florida, it falls short of pleading a *prima facie* case of general jurisdiction. As noted above, a corporation is subject to general jurisdiction in the state where it has its principal place of business. A corporation's principal place of business is:

> the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend,* 559 U.S. 77, 92–93 (2010). This "nerve center" test is inherently fact-based; a plaintiff seeking to invoke personal jurisdiction on this basis must allege facts supporting a sufficient inference. Summarily stating, as the Complaint does, that a corporation has its principal place of business in a particular forum, without more, is insufficient.

---

[3] Plaintiff's response to the motion cites to the specific jurisdiction provision of § 48.193(1)(a)(1). DE 11 at 2. It also argues that Defendant is a resident of Florida, implying that this Court can exercise general jurisdiction over any Florida resident. *Id.* at 4.

The only fact in the Complaint that supplements the conclusory allegation that Defendant's principal place of business is in Florida is the allegation that Defendant has a "principal address" in Miami. As the Supreme Court noted in *Hertz*, however, a particular corporate office, including the corporate headquarters, is not *per se* the corporate "nerve center." Without additional facts creating a sufficient inference that the Miami location was the "actual center of direction, control, and coordination" of Defendant's operations, the mere allegation that Defendant has a principal address in Miami fails to meet Plaintiff's initial burden. The Complaint fails to properly allege general jurisdiction.

In addition, the Complaint fails to plead a *prima facie* case of specific jurisdiction under the long-arm statute. It is bereft of factual averments showing that the Defendant was operating a business or maintaining an office in Florida and that Plaintiff's causes of action arose out of those contacts between the Defendant and Florida. The sole allegations in the Complaint that arguably invoke the specific jurisdiction provision of the long-arm statute are that (during an unspecified time period) the Defendant's "principal address is 60 Edgewater Drive, Miami, Fl. 33133 and it regularly carries on business in the Southern District of Florida." *Id.* at ¶8. The latter statement is conclusory and not entitled to the assumption of truth. The former allegation is insufficient to establish *prima facie* the requirements of the Florida long-arm statute; viewed in the light most favorable to the Plaintiff, it merely alleges that the Defendant has an office in Miami. Even considering the totality of its factual averments, the Complaint fails to show that the Miami location had a sufficient nexus to the Plaintiff such that the instant causes of action could be said to "arise from" the Defendant's having an office in Florida. Rather, the causes of action appear to have exclusively arisen in the Virgin Islands after the Plaintiff began working there.

Alternatively, even if the Complaint alleged a *prima facie* case, the Defendant's affidavit raised a meritorious challenge to jurisdiction, which was not rebutted by the Plaintiff. In support of its Motion to Dismiss, Defendant submitted an Affidavit from John Reynolds, its Chief Financial Officer. DE 7-1. The Reynolds Affidavit states that Defendant has its principal place of business in New York (¶4), has a Registered Agent who was created and appointed in February 2018 (¶5), has never conducted any business in Florida (¶6), does not maintain an office or any other presence in Florida (¶7), and does not earn income from sales or business initiated or completed in Florida (¶8). These statements in the Reynolds Affidavit are entitled to an assumption of truth because they are verified under oath and based on personal knowledge of the affiant. Therefore, the burden properly shifts back to Plaintiff to prove the existence of personal jurisdiction.

To attempt to meet this burden, Plaintiff submitted several documents. One was a copy of Defendant's 2018 annual report filing with the Florida Division of Corporations, dated February 26, 2018. DE 11-1. In that report, Defendant listed its "Principal Address" as 60 Edgewater Drive, Coral Gables, Florida. It listed its "Mailing Address" as 11 Commercial Street, Plainview, New York. Its Registered Agent was William Haugland, with an address in Miami, Florida. Another document was Defendant's Application By Foreign Limited Liability Company For Authorization To Transact Business In Florida, dated February 26, 2018. That document listed 60 Edgewater Drive, Coral Gables, Florida, as the company's "Street Address of Principal Office." DE 11-1 at 5. Also submitted was a Warranty Deed showing that Defendant's President, William Haugland, in his individual capacity, owns the property at 60 Edgewater Drive, Coral Gables, Florida. DE 11-2.

The evidence submitted by Plaintiff fails to meet his burden of establishing personal jurisdiction over Defendant. Even viewing the evidence in the light most favorable to Plaintiff, the Defendant did not have an office in Florida prior to February 2018. The causes of action alleged in the Complaint arose in November 2017, so they could not have had a nexus to Defendant's office in Florida. Absent this nexus, there is no specific jurisdiction either statutorily or constitutionally.

As an alternative, Plaintiff appears to assert that having a "principal address" in Miami subjects Defendant to the general jurisdiction of this Court. This argument misconstrues the significance of a "principal address." A foreign corporation that transacts business in Florida must apply for a Certificate of Authority from the Department of State. Fla. Stat. § 607.1503(1). The application must include the "street address of its principal office," the "address of its registered office in this state and the name of its registered agent at that office," and the "names and usual business addresses of its current directors and officers." Fla. Stat. § 607.1503(1)(d)-(f). Similarly, each foreign corporation authorized to transact business in Florida is required to file a sworn annual report that sets forth, *inter alia*, "the address of its principal office and the mailing address of the corporation." Fla. Stat. § 607.1622(1)(c). The Defendant's statutorily-required Application for Certificate of Authorization to Transact Business and its 2018 annual report are the documents that Plaintiff submitted to rebut the Reynolds Affidavit. As required, each lists 60 Edgewater Drive, Coral Gables, Florida, as the address for Defendant's principal office. Also, the Application notes that Defendant first transacted business in Florida on February 5, 2018.

The term "principal office" is defined as "the office (in or out of this state) where the principal executive offices of a domestic or foreign corporation are located as designated in the articles of incorporation or other initial filing until an annual report has been filed, and thereafter

as designated in the annual report." Fla. Stat. § 607.01401(20). As discussed above, a "principal address" is markedly different from the legal concept of "principal place of business." Plaintiff provides no other factual details about the Coral Gables office. Certainly, Plaintiff does not offer evidence that this location is Defendant's "nerve center" and hence its principal place of business. Therefore, the fact that Defendant has its "principal office" in Miami is not sufficient to create general personal jurisdiction.

Similarly, the fact that the Defendant has a Registered Agent does not create general personal jurisdiction. Florida law requires that "[e]ach foreign corporation authorized to transact business in this state must continuously maintain in this state: (a) a registered office that may be the same as any of its places of business; and (b) a registered agent." Fla. Stat. § 607.1507. The Eleventh Circuit has held that "[t]he casual presence of a corporate agent in the forum is not enough to subject the corporation to suit where the cause of action is unrelated to the agent's activities." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) (quoting *International Shoe,* 326 U.S. at 317). Additionally, the court in *Sofrar, S.A. v. Graham Engineering Corporation*, 35 F. Supp. 2d 919, 921 (S.D. Fla. 1999) (J. Hoeveler), found a lack of personal jurisdiction, relying in part on other courts that determined no general jurisdiction existed for defendants who merely appointed an agent for service of process and were registered to do business in the state. In this case, Defendant merely had a registered agent located in Florida which Plaintiff served. Plaintiff does not allege that his causes of action arose from the actions of the registered agent. Here, again, Plaintiff fails to establish general personal jurisdiction over Defendant.

Plaintiff also relies on the fact that Defendant's President owns a personal residence in Florida. Defendant is a LLC. Just as a corporate officer cannot be "subjected to individual

personal jurisdiction by virtue of conducting business on behalf of his corporate employer" (*FVD-USA, LLC v. Fabiani*, No. 06-61710-CIV, 2007 WL 9684283, at *7 (S.D. Fla. July 27, 2007) (J. Dimitrouleas), it stands to reason that a corporate officer's personal ownership of residential property in the forum state is likewise not a proper basis for asserting jurisdiction over the foreign corporation that employs him. In addition, merely owning residential real estate does not constitute "substantial and not isolated activity within this state" for purposes of the long-arm statute. Florida Statute section 607.1501(1) requires a foreign corporation that transacts business in Florida to obtain a certificate of authority from the Department of State. Among the activities that are deemed not to be "transacting business" is "[o]wning, without more, real or personal property." Fla. Stat. § 601.1501(2)(m).

Plaintiff also contends that there is personal jurisdiction because "the Defendant advertised the job in Florida, hired the Plaintiff in Florida and transported the Plaintiff from Florida to St. Croix." DE 11 at 4 (citing Complaint ¶¶ 14-16). It is not clear whether Plaintiff is arguing that these facts are a proper basis for specific jurisdiction, general jurisdiction, or both.

Plaintiff may be arguing that these facts create specific jurisdiction under section 48.193(1)(a)(1) because the Defendant is "operating, conducting, engaging in, or carrying on a business or business venture in this state." *See* DE 1 at ¶ 8 (Defendant "regularly carries on business in the Southern District of Florida."). Notably, the Complaint fails to specify how Defendant "advertised" in Florida; regardless, it is well settled that isolated activity such as maintaining "a website accessible in Florida . . . is insufficient to satisfy Section 48.193(1)(a)(1)." *Lemoine v. Wong*, No. 0:17-CV-60099-UU, 2017 WL 5127592, at *4 (S.D. Fla. Mar. 29, 2017) (J. Ungaro) (citing *Travel Opportunities of Fort Lauderdale, Inc. v. Walter Karl List Mgmt., Inc.*, 726 So. 2d 313, 314 (Fla. Dist. Ct. App. 1998) (that defendant advertised

15

in international magazines reaching Florida did not amount to carrying on a business in Florida); *see also Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.,* 421 F.3d 1162, 1167 (11th Cir. 2005) (making "telephonic and electronic communications from its [out-of-state] offices into Florida . . . cannot constitute 'conducting business' in Florida.").

Moreover, even viewing the facts in the light most favorable to the Plaintiff, his causes of action for retaliatory discharge and defamation cannot fairly be said to be "arising from" his hiring and transportation to St. Croix. Although Defendant hired Plaintiff from Florida, the existence of a contractual relationship between a nonresident defendant and a Florida resident is not sufficient in itself to meet the requirements of due process. *Burger King,* 471 U.S. at 462. Defendant's conduct and connection with the forum state must be such that defendant should reasonably anticipate being called into court there. *Jet Charter Serv., Inc. v. Koeck*, 907 F.2d 1110, 1113 (11th Cir. 1990). In this case, Defendant's activities did not reach the threshold of reasonable anticipation of litigation in Florida. Hiring and transporting a worker from Florida to the Virgin Islands where all work was to be completed does not constitute a strong enough nexus to confer specific jurisdiction over Defendant for causes of action that exclusively occurred in the Virgin Islands.

To the extent Plaintiff is asserting that Defendant is subject to general jurisdiction because of his continuous and systematic contacts with the state, the factual basis is insufficient. Plaintiff fails to give any further factual information surrounding Defendant's advertising and hiring procedures in Florida that would allow the court to determine if Defendant's contacts were "substantial and not isolated" (as required by the long-arm statute) or "systematic and continuous" (as required by the Due Process Clause). Although advertising can be a component of continuous and systematic business activity, an isolated advertisement does not subject a

corporation to personal jurisdiction. *Rexam Airspray, Inc. v. Arminak*, 471 F. Supp. 2d 1292, 1300–01 (S.D. Fla. 2007) (J. Ungaro).

For all these reasons, the Motion to Dismiss should be **GRANTED**. Plaintiff has not previously amended his complaint. If, consistent with Federal Rule of Civil Procedure 11, he can allege additional facts that overcome the problems noted herein, he should be afforded the chance to file an amended complaint.

Because the Court lacks personal jurisdiction over Defendant, it lacks the power to issue a binding ruling on Defendant's remaining grounds for dismissal. *Madara*, 916 F.2d at 1514 (Trial court erred in granting 12(b)(6) motion before deciding whether it had personal jurisdiction "because Hall was not subject to the jurisdiction of this court, and therefore could not be personally bound by its rulings."). Therefore, the Court does not address whether the Complaint properly alleges venue or states a claim upon which relief can be granted.

## REPORT AND RECOMMENDATION

The undersigned **RECOMMENDS** that the Motion to Dismiss (DE 7) be **GRANTED** without prejudice and that the Plaintiff be granted to leave to amend its Complaint.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Beth Bloom, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 17th day of August, 2018 at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE